IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BERMUDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT, INC.,<br><br>Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Home Depot U.S.A., Inc. (improperly pled as "Home Depot, Inc." and hereafter referred to as "Home Depot"), by and through its undersigned counsel, hereby gives notice that this action is removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Home Depot states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

1.     On November 4, 2022, Plaintiff William Bermudez ("Plaintiff") filed a purported Class Action Complaint ("Complaint") against "Home Depot, Inc." captioned *William Bermudez v. Home Depot, Inc.*, Case No. 221100617, in the Philadelphia County Court of Common Pleas (the "State Court Action").

2.     On November 28, 2022, Plaintiff served Home Depot with a copy of his Complaint with a Notice to Defend. A true and correct copy of all process, pleadings, and orders served upon Home Depot in the State Court Action is attached as **Exhibit A**.

3.     In his Complaint, Plaintiff claims Home Depot violated the Philadelphia Fair Workweek Employment Standards ("Fair Workweek Law"), Phila. Code §§ 9-4600, *et seq.*, by

allegedly: (1) failing to provide written good faith estimates; (2) failing to provide advance notice of work schedules; (3) failing to pay schedule change premiums ("Predictability Pay"); (4) failing to provide sufficient rest between work shifts; and (5) failing to offer newly available shifts to existing employees before hiring new ones. *See* Compl. at ¶¶ 31-60.

4.      Plaintiff asserts these claims on behalf of himself and "all Home Depot hourly employees who worked at a [Philadelphia store] during any week within the relevant time period" (the "Putative Class").[1] *Id.* at ¶ 22.

5.      Home Depot has not yet filed a response to the Complaint, but the parties agreed to extend the deadline to do so until January 13, 2023.

## II.     THE COURT HAS ORIGINAL JURISDICTION UNDER CAFA.

6.      Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2).

8.      CAFA provides for federal subject matter jurisdiction over class actions in which (1) any member of a class of plaintiffs is a citizen of a different state from any defendant; (2) the aggregate number of putative class members is at least 100; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C.§§ 1332(d)(2), 1332(d)(5).

---

[1]    The FWW has a two-year statute of limitations. *See* Phila. Code § 9-4611(9). Plaintiff filed his Complaint on November 4, 2022. Accordingly, the "relevant time period" for this case is November 4, 2020 to present.

9. Based on Plaintiff's allegations and prayer for relief, all requirements for jurisdiction under CAFA are satisfied in this case, and no exception to the exercise of federal jurisdiction applies. Accordingly, removal of the State Court Action is proper.

### A. Diversity of Citizenship Exists.

10. To satisfy CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists—*i.e.*, that one putative class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

#### (i). *Plaintiff is a citizen of Pennsylvania.*

11. For diversity purposes, a person is a "citizen" of the state in which he is domiciled, and residence alone is enough to establish a presumption of domicile. *See Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (citizenship and domicile are equivalent for diversity purposes); *Capato v. Astrue*, No. 08-5405, 2010 WL 1076522 at *6 (D.N.J. Mar. 23, 2010) (residency establishes a presumption of domicile) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).

12. In the Complaint, Plaintiff admits to "residing in Philadelphia, Pennsylvania." *See* Compl. at ¶ 3. Thus, he should be construed to be a citizen of Pennsylvania.

#### (ii). *Home Depot is not a citizen of Pennsylvania.*

13. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business.").

3

14. At all relevant times, Home Depot has been incorporated in Delaware and had its principal place of business in Georgia.

15. Home Depot is, therefore, a citizen of Georgia and Delaware and holds citizenship diverse from that of Plaintiff.

16. Accordingly, minimal diversity has been met for the purposes of federal jurisdiction under CAFA.

### B. The Putative Class Has More Than 100 Members.

17. Removal under CAFA is appropriate where there are at least 100 members of all proposed plaintiff classes in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(B).

18. Based on Plaintiff's definition of the Putative Class, which includes all Philadelphia-based hourly employees during the maximum claimed liability period, more than 2,500 employees fall within the scope of that definition.

19. Accordingly, the second jurisdictional requirement under CAFA is satisfied. *See* 28. U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Exceeds $5,000,000.

20. Although Home Depot denies Plaintiff's factual allegations and that Plaintiff and/or the putative class is entitled to the relief requested, or that a class properly could be certified, Plaintiff's allegations and prayer for relief put into controversy an amount that plausibly exceeds the $5,000,000 threshold for CAFA jurisdiction.[2]

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Home Depot's references to specific damage amounts and citation to cases supporting removal are provided solely to establish that the amount in controversy more likely than not exceeds the jurisdictional minimum. Home Depot maintains that each of Plaintiff's claims is without merit and that it is not liable to Plaintiff and/or some or all of the members of the Putative Class. Home Depot expressly denies that Plaintiff is entitled to recover any of the damages or other relief sought in the Complaint. No statement or reference contained in this Notice of Removal shall constitute an admission of liability or a suggestion

4

21. Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014); *see also Frederico v. Home Depot,* 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42-43 (1st Sess. 2005).

22. In the Complaint, Plaintiff seeks the following relief: (1) unpaid wages; (2) unpaid Predictability Pay; (3) presumed damages; and (4) liquidated damages up to $2,000. *See* Compl., Prayer for Relief.

23. If Plaintiff is successful in establishing entitlement to liquidated damages in the maximum amount per Putative Class Member, those damages alone would satisfy the jurisdictional amount: [$2,000 * 2,500 Putative Class Members = **$5,000,000**].[3]

24. Additionally, Plaintiff seeks an award of attorneys' fees. *See, e.g.*, Compl. at ¶ 60. In assessing whether the amount in controversy is met, the Court should consider any such award

---

that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise, or that any class can be certified in this matter.

[3] Plaintiff also seeks to recover unpaid Predictability Pay and presumed damages (*i.e.*, penalties) ranging from $25 to $1,000 per employee per violation, which in the aggregate would also satisfy the jurisdictional amount.

of fees, which could range from 27% to 30% of the total judgment. *See, e.g.*, *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (noting that attorneys' fees "do count for CAFA's amount-in-controversy threshold"); *Lohr v. United Fin. Cas. Co.*, No. 09-752, 2009 WL 2634204, at *6, n.3 (W.D. Pa. Aug. 25, 2009) (recognizing that attorneys' fees may be included in calculations for amount in controversy under CAFA and that median range for attorneys' fees in class actions is 27% to 30%).

25.     Home Depot denies Plaintiff is entitled to attorneys' fees and reserves the right to challenge a claimed fee award and how it should be calculated (if at all) posttrial. That being said, Plaintiff's claim for attorneys' fees further adds to the jurisdictional amount.

### III.    NO EXCEPTION TO CAFA APPLIES BECAUSE DEFENDANT IS DIVERSE.

26.     CAFA provides for two primary exceptions to the exercise of federal jurisdiction—the so-called "home-state" and "local controversy" exceptions. *See* 28 U.S.C. § 1332(d)(4)(A)-(B).

27.     The "home-state" exception potentially could apply where, *inter alia*, the primary defendants are citizens of the state in which the class action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

28.     The "local controversy" exception potentially could apply where, *inter alia*, at least one defendant is a defendant: (i) from whom significant relief is sought by members of the plaintiff class; (ii) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (iii) who is a citizen of the state in which the action was originally filed.

29.     Here, Plaintiff brings his claims against no party other than Home Depot. As noted above, Home Depot is not a citizen of Pennsylvania. Thus, neither the "home state" nor the "local controversy" exception to CAFA removal could apply here.

## IV.    OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

30.    Removal is timely because Home Depot is filing this Notice within thirty (30) days of the date on which Plaintiff served the Complaint—*i.e.*, November 28, 2022. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).

31.    This Court is the proper venue for removal because the State Court Action is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 118.

32.    In accordance with 28 U.S.C. § 1446(d), Home Depot will promptly file a copy of this Notice of Removal with the Prothonotary for the Philadelphia County Court of Common Pleas and provide written notice of the filing of this Notice of Removal to Plaintiff's counsel of record.

**WHEREFORE,** Home Depot respectfully requests that all further proceedings in the Philadelphia County Court of Common Pleas be discontinued and that this suit be removed to the United States District Court for the Eastern District of Pennsylvania. If any question arises as to the propriety of the removal of this action, Home Depot requests the opportunity to present both a brief and oral argument in support of its position that this case is removable.

Dated: December 28, 2022

Respectfully submitted,

*/s/ Michael J. Puma*
Michael J. Puma
Caroline R. Robb
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103
Tel: (215) 963-5000

michael.puma@morganlewis.com
caroline.robb@morganlewis.com