# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

NOVEMBER 2022

E-Filing Number: 2211009021

**000617**

| | |
|---|---|
| PLAINTIFF'S NAME<br>WILLIAM BERMUDEZ | DEFENDANT'S NAME<br>HOME DEPOT, INC. |
| PLAINTIFF'S ADDRESS<br>1120 ROSALIE STREET<br>PHILADELPHIA PA 19124 | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>NOV 04 2022<br>S. RICE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WILLIAM BERMUDEZ</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>RYAN A. HANCOCK | ADDRESS<br>WILLIG, WILLIAMS & DAVIDSON<br>1845 WALNUT STREET, 24TH FLOOR<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)656-3679 | FAX NUMBER<br>(215)561-5135 | |
| SUPREME COURT IDENTIFICATION NO.<br>92590 | E-MAIL ADDRESS<br>rhancock@wwdlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*RYAN HANCOCK* | DATE SUBMITTED<br>Friday, November 04, 2022, 09:14 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Ryan Allen Hancock (Pa Bar No. 92590)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3679
rhancock@wwdlaw.com



Filed and Attested by the
Office of Judicial Records
04 NOV 2022 09:14 am
S. RICE

*Additional Counsel Listed on Signature Page*

| | |
|---|---|
| WILLIAM BERMUDEZ, on behalf of himself and others similarly situated, | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff, | : |
| v. | : NOVEMBER TERM, 2022 |
| HOME DEPOT, INC., | : CLASS ACTION |
| | : |
| Defendant. | : JURY TRIAL DEMANDED |
| | : |

## COMPLAINT – CLASS ACTION
### 10- Contract: Other

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | Le han demandado a usted en la corte. Si usted quier defenderse de estas demandas expuestas en las pagina siguientes, usted tiene veinte (20) dias de plazo al partir de l fecha de la demanda y la notificacion. Hace falta ascentar un comparencia escrita o en persona o con un abogado entregar a la corte en forma escrita sus defensas o su objeciones a las demandas en contra de su persona. Se avisado que si usted no se defiende, la corte tomara medida y puede continuar la demanda en contra suya sin previo avis o notificacion. Ademas, la corte puede decidir a favor de demandante y requiere que usted cumpla con todas la provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tien abogado o si no tiene el dinero suficiente de pagar tal servicio Vaya en persona o llame por telefono a la oficina cuy direccion se encuentra escrita abajo para averiguar donde s puede conseguir asistencia legal. |
| **Philadelphia Bar Association Lawyer Referral and Information Service 1101 Market Street, 11th Floor Philadelphia, Pennsylvania 19107 (215) 238-1701** | **Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal 1101 Market Street, 11th Floor Filadelfia, Pennsylvania 19107 (215) 238-1701** |

1

Case ID: 221100617

DocuSign Envelope ID: A28937FF-BB24-4AAE-8428-4DC980255540

William Bermudez ("Plaintiff") brings this class action lawsuit against Home Depot, Inc. ("Home Depot"), seeking all available relief under the Philadelphia Fair Workweek Employment Standards ("Fair Workweek Law"), §§ 9-4600, *et seq.* The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment. Home Depot violated the Fair Workweek Law by failing to provide written notice of work schedules with at least 10 or 14-days' notice, changing employees' schedules at the last minute, failing to provide sufficient time between shifts, and failing to offer new shifts to current employees before hiring new employees. *See* Phila. Fair Workweek L. §§ 9-4602-05, 9-4611.

There is growing recognition that unpredictable, unstable, and often insufficient work hours are a key problem facing many U.S. workers, particularly those in low-wage industries. Volatile hours not only mean volatile incomes but add to the strain working families face as they try to plan ahead for childcare or juggle schedules in order to take classes, hold down a second job, or pursue other career opportunities. *See* Economic Policy Institute, "'Fair workweek' laws help more than 1.8 million workers: Laws promote workplace flexibility and protect against unfair scheduling practices" (Jul. 19, 2018), *available at* https://files.epi.org/pdf/145586.pdf.

The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality, and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.

Employers were required to be compliant with the Fair Workweek Law by April 1, 2020.

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Home Depot.

2

Case ID: 221100617

2.      Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Home Depot regularly conducts business in Philadelphia County. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. Ct. 2009). This includes, *inter alia*, the continuous and regular sale of product and/or merchandise to customers located in Philadelphia County.

## PARTIES

3.      Plaintiff is an individual residing in Philadelphia, Pennsylvania.

4.      Home Depot is a corporation headquartered in Atlanta, Georgia and registered to do business in the Commonwealth of Pennsylvania, Entity No. 808731.

## FACTS

5.      Home Depot is the largest home improvement retailer in the United States.

6.      Home Depot owns and operates approximately five (5) retail locations in Philadelphia (the "Philadelphia Stores").

7.      Home Depot stores are Retail Establishments as defined under the North American Industry Classification System ("NAICS") in that they are fixed point-of-sale locations for merchandise and other goods for sale.

8.      Based on information and belief, Home Depot employs 500,000 or more employees and has 1,994 or more locations in the United States.

9.      Home Depot is a covered employer within the meaning of the Fair Workweek Law. Phila. Fair Workweek L. § 9-4601(4).

10.      Plaintiff was employed as an hourly employee in the Hardware Department at the Home Depot store located at 4640 Roosevelt Boulevard.

11.      Plaintiff worked at Home Depot from approximately October 2019 through

3

Case ID: 221100617

DocuSign Envelope ID: A28957FF-BB24-4AAE-8428-4DC980255540

September 2022.

12.    Plaintiff is a covered employee within the meaning of the Fair Workweek Law. Phila. Fair Workweek L. § 9-4601(5).

13.    Plaintiff performed work involving the direct provision of retail services to the public through engaging in customer contact and completing sales, directly overseeing such services, and performing maintenance of the store, among other tasks outlined in Section 2.3 of the Regulations Regarding Chapter 9-4600 of the Philadelphia Code: Fair Workweek Employment Standards.

14.    Home Depot did not provide Plaintiff or other covered Employees with a written good faith estimate of the hours, dates, times, and locations of their expected regular schedule in violation of Phila. Fair Workweek L. § 9-4602(1).

15.    Upon information and belief, Home Depot still does not provide newly hired covered Employees with a written good faith estimate of the hours, dates, times, and locations of their expected regular schedule in violation of Phila. Fair Workweek L. § 9-4602(1).

16.    Prior to January 1, 2021, Home Depot did not provide Plaintiff with 10-days' written notice of their work schedule and, after January 1, 2021, Home Depot failed to always provide Plaintiff with 14-days' written notice of their work schedule, in violation of Phila. Fair Workweek L. §§ 9-4602(3) & (4).

17.    During Plaintiff's employment, Home Depot failed to post the written schedule in the workplace or to make an electronic version available onsite.  Phila. Fair Workweek L. § 9-4602(3) & (4).

18.    During Plaintiff's employment, Home Depot regularly changed Plaintiff's schedule by more than 20 minutes by requiring him to work past his scheduled hours and failed to pay him

Case ID: 221100617

DocuSign Envelope ID: A28957FF-BB24-4AAE-8428-4DC980255540

Predictability Pay in violation of Phila. Fair Workweek L. § 9-4603.

19.     On occasion, Home Depot reduced Plaintiff's schedule by more than 20 minutes and sent him home early without providing Predictability Pay. Upon information and belief, Home Deport regularly reduced the hours of part-time employees by more than 20 minutes due to low store volume and overstaffing and failed to pay any Predictability Pay in violation of Phila. Fair Workweek L. § 9-4603.

20.     Home Depot regularly required Plaintiff and other covered Employees to work a closing shift followed by an opening shift the next day without nine (9) hours rest in between the two, without obtaining prior written consent, and without providing $40 compensatory pay in violation of Phila. Fair Workweek L. § 9-4604.

21.     Home Depot also failed to provide Plaintiff and all covered Employees with written notification of the details of available shifts, including whether the shifts are recurring, how to express interest in picking them up, and its policy for offering and distributing work shifts under the Fair Workweek Law, before hiring new employees in violation of Phila. Fair Workweek L. § 9-4605.

## CLASS ALLEGATIONS

22.     Plaintiff brings this lawsuit as a class action.  He sues on behalf of all Home Depot hourly employees who worked at a Philadelphia Stores in Philadelphia during any week within the relevant time period.

23.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.  Class action treatment of Plaintiff's Fair Workweek claims is appropriate because, as alleged below, all of the Pennsylvania class action requisites are satisfied.

Case ID: 221100617

DocuSign Envelope ID: A28957FF-BB24-4AAE-84284DC980253540

24. The class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on Home Depot's business records and are so numerous that joinder of all class members is impracticable.

25. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Home Depot's common timekeeping, payroll, scheduling, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

28. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member; the monetary damages sought are readily calculatable and attributable to class members; maintenance of the instant litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth.

Case ID: 221100617

DocuSign Envelope ID: A28937FF-BB24-4AAC-8428-4DC980255546

29.     Because this case concerns Philadelphia law, and because Home Depot conducts a substantial amount of business in Philadelphia County, including at the Philadelphia Stores that are the subject of the instant action, this Court is an appropriate forum for the litigation of the claims of the entire class.

30.     The complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning Defendant's common timekeeping, scheduling, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties, and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Home Depot.

### FIRST CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiff and the Class)**

31.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Home Depot is required to provide each new employee (or existing employees who were current employees as of the effective date of the Fair Workweek Law) with a written good faith estimate no later than when a new employee receives his, her or their first work schedule.

7

Case ID: 221100617

Phila. Fair Workweek L. § 9-4602(1).

33.      Home Depot is also required to maintain records of the good faith estimates it provides to employees.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

34.      Home Depot committed a unique violation of Section 9-4602(1) of the Fair Workweek Law each time it failed to provide a written good faith estimate to any employees hired to work in any Philadelphia store.

35.      As a result of Home Depot's violations of Section 9-4602(1) of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $200 in presumed damages; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

## SECOND CAUSE OF ACTION
### Fair Workweek Law
### Failure to Provide Advance Notice of Work Schedules
### (Brought on behalf of Plaintiff and the Fair Workweek Class)

36.      Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

37.      Prior to January 1, 2021, Home Depot was required to provide employees with written notice of their work schedules at least 10 days before the first day of each schedule, and after January 1, 2021, Home Depot was required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule.  Phila. Fair Workweek L. §§ 9-4602(3) & (4).

8

38.     Home Depot is also required to maintain records of the work schedules and good faith estimates it provides to employees.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0.  Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise."  Phila. Fair Workweek L. § 9-4609(1).

39.     Home Depot committed a violation of Section 9-4602 of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 10 or 14 days in advance.

40.     As a result of Home Depot's violations of Section 9-4602 of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $50 each time Home Depot failed to provide a written Work Schedule, $25 each time Home Depot failed to promptly notify employees about a schedule change, and $100 each time Home Depot failed to get written consent from an employee for added work hours, in presumed damages; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs.  Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

### THIRD CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Schedule Change Premiums**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

41.     Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

42.     Home Depot is required to provide employees with Predictability Pay for changes of more than 20 minutes that it makes to employees' work schedules any time after the 10 or 14-day statutory schedule provision date.  Phila. Fair Workweek L. § 9-4603.

9

43.     Home Depot is also required to maintain records of all employer-initiated changes to the posted work schedules and the good faith estimates it provides to employees.  Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0.  Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise."  Phila. Fair Workweek L. § 9-4609(1).

44.     Home Depot committed a unique violation of Section 9-4603 of the Fair Workweek Law each time it failed to pay required Predictability Pay to employees whose work schedules it changed with less than 10 or 14 days' notice.

45.     As a result of Home Depot's violations of Section 9-4603 of the Fair Workweek Law, Plaintiff and the Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) unpaid Predictability Pay; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs.  Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

## FOURTH CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Rest Between Work Shifts**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

46.     Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

47.     Home Depot is required to obtain written consent from an employee before requiring that employee to commence a shift sooner than nine (9) hours after the completion of a previous day's shift (a "clopen" shift). Phila. Fair Workweek L. § 9-4604.

48.     Home Depot is also required to compensate employees in the amount of $40 for each such shift worked. Phila. Fair Workweek L. § 9-4604(2); Phila. Fair Workweek Reg. 7.0.

49.     Home Depot is also required to maintain records of the written consent obtained

Case ID: 221100617

DocuSign Envelope ID: A28937FF-BB24-4AAE-8428-4DC960235540

from employees for working two shifts with less than nine (9) hours of rest between them. Phila. Fair Workweek L. § 9-4609(1). Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." *Id.*

50.    Home Depot committed a unique violation of Section 9-4604 of the Fair Workweek Law each time it failed to provide compensatory pay as required by section 9- 4604.

51.    Home Depot committed a unique violation of Section 9-4604 of the Fair Workweek Law each time it failed to obtain the requisite written consent as required by section 9- 4604.

52.    As a result of Home Depot's violations of Section 9-4604 of the Fair Workweek Law, Plaintiff and the Class have been deprived of the right to rest between shifts and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $40 for each clopen shift worked; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

**FIFTH CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

53.    Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

54.    Home Depot is required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees. Phila. Fair Workweek L. § 9-4605.

55.    Home Depot is also required to notify employees in writing of its policy for offering and distributing work shifts under the Fair Workweek Law, at the time of hire and within 24 hours of any change in the policy, and must post the notice in an accessible location in the workplace.

56.    Home Depot is also required to maintain records of the notices and policy it

11

DocuSign Envelope ID: A28987FF-BB24-4AAE-8426-4DC960235540

provides to employees.   Phila. Fair Workweek L. § 9-4609(1).   Where an employer fails to maintain, retain, or produce a required record, "it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." *Id.*

57.   Home Depot committed a unique violation of Section 9-4605 of the Fair Workweek Law each time it failed to provide written notice of available work hours as required by section 9-4605(2)

58.   Home Depot committed a unique violation of Section 9-4605 of the Fair Workweek Law each time it failed to provide written notice of its policy for distributing work hours as required by section 9-4605(6).

59.   Home Depot committed a unique violation of Section 9-4605 of the Fair Workweek Law each time it failed to award available work hours as required by section 9-4605(4).

60.   As a result of Home Depot's violations of Section 9-4605 of the Fair Workweek Law, Plaintiff and the Class have been deprived of pathways to full time employment and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $50 each pay period that Home Depot failed to provide written notice of available work hours; (4) $50 each pay period that Home Depot failed to provide written notice of its policy for distributing work hours, in presumed damages; (5) $1,000 per violation for failure to award available work hours pursuant to Section 9-4605; (6) liquidated damages up to $2,000; and (7) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(7)(c)&(d); Phila. Fair Workweek Reg. 10.0.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

Case ID: 221100617

DocuSign Envelope ID: A28957FF-BB244AAE-8428-4DC980295540

(i) unpaid wages; (ii) unpaid Predictability Pay; (iii) presumed damages; (iv) liquidated damages;

(v) prejudgment interest; (vi) litigation costs, expenses, and attorney's fees; and (vii) any other

and further relief this Court deems just and proper.

Date:  November 3, 2022

Respectfully submitted,

Ryan Allen Hancock
(PA Bar No. 92590)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

Sarah R. Schalman-Bergen
(Pa Bar No. 206211)
Krysten Connon
(Pa Bar No. 314190)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com

Sally J. Abrahamson
WERMAN SALAS P.C.
335 18th Pl NE
Washington, D.C. 20002
 (202) 830-2016
sabrahamson@flsalaw.com

Case ID: 221100617

## **VERIFICATION**

I, William Bermudez, hereby state:

1.      I am a plaintiff in this action;

2.      I verify that the statements made in the accompanying complaint are true and

correct to the best of my knowledge, information and belief; and

3.      I understand that the statements in the complaint are subject to the penalties of 18

Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

11/3/2022 | 8:40 PM EDT

Dated: _____

DocuSigned by:

*William Bermudez*

F31835323373437...
_____

William Bermudez

14

Case ID: 221100617

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

*Filed and Attested by the*
*Office of Judicial Records*
*14 NOV 2022 01:58 pm*
*S. GILLIAM*

| | | |
|---|---|---|
| WILLIAM BERMUDEZ, on behalf of | : | November _____ **Term,** 2022 |
| himself and others similarly situated, | : | **No.** 221100617 |
| Plaintiff(s) | : | |
| Vs. | : | |
| THE HOME DEPOT, INC. | : | |
| | : | |
| Defendant(s) | : | |

## ENTRY OF APPEARANCE

**To the Office of Judicial Records:**

Kindly enter my appearance in the above captioned matter as counsel of record for

Krysten L. Connon _____.

BY: *Krysten L. Connon*
                                        Signature

Krysten L. Connon
                                        Print

I.D. #: 314190

Address: Lichten & Liss-Riordan, P.C.

729 Boylston Street, Suite #200

Boston, MA 02116

Case ID: 221100617

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

*Filed and Attested by the*
*Office of Judicial Records*
*14 NOV 2022 01:55 pm*
*S. GILLIAM*

| | | |
|---|---|---|
| WILLIAM BERMUDEZ, on behalf of | : | November _____ **Term,** 2022 |
| himself and others similarly situated, | : | |
| | : | **No.** 221100617 |
| Plaintiff(s) | : | |
| Vs. | : | |
| THE HOME DEPOT, INC. | : | |
| | : | |
| | : | |
| Defendant(s) | : | |

## ENTRY OF APPEARANCE

**To the Office of Judicial Records:**

Kindly enter my appearance in the above captioned matter as counsel of record for

Sarah Schalman-Bergen _____ .

BY: *Sarah Schalman-Bergen*
Signature

Sarah Schalman-Bergen
Print

I.D. #: 206211

Address: Lichten & Liss-Riordan, P.C.

729 Boylston Street, Suite #200

Boston, MA 02116

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| BERMUDEZ | November Term 2022 |
| VS | No. 00617 |
| HOME DEPOT, INC. | |

DOCKETED

NOV 2 9 2022

R. POSTELL
COMMERCE PROGRAM

## *CLASS ACTION INITIATION ORDER*

***AND NOW***, Tuesday, November 29, 2022, plaintiffs having commenced a Class Action

which has been assigned to the Honorable PAULA PATRICK, it is hereby ***ORDERED*** as

follows:

1. All parties are directed to appear via Zoom for a Case Management Conference on 20-

   JAN-2023 at 12:00 PM.  The Commerce Case Management Zoom link is available on the

   Court's Website at: https://www.courts.phila.gov/remote-hearings/

2. Five (5) days prior to the Zoom Conference, all parties are required to electronically file

   with the court, and to serve upon all opposing counsel and opposing parties who cannot be

   electronically served by the court, a fully completed Commerce Case Management

   Memorandum.  A copy of the Commerce Case Management Memorandum form may be

   found at:

   > https://www.courts.phila.gov/pdf/forms/civil/01-111-Case-Management-Conference-
   >
   > Memorandum-Commerce.pdf

3. To electronically file the Commerce Case Management Memorandum, access the

   "Existing Case" section of the court's electronic filing system.  Select "Conference

CLCDS-Bermudez Vs Home Depot, Inc.

RCP7871 (RCP7871119) (Rev 7/15/21)



22110061700009

Submissions" as the filing category.  Select "Management Memorandum" as the filing type.

4.   In the Case Management Memorandum, counsel should describe in detail: the substance of plaintiffs' claims and defendants' defenses; whether certification or merits discovery should occur first; any procedural complications the parties anticipate may occur, such as venue or jurisdictional disputes, joinder of additional parties, requests for bifurcation, etc.; and any other information that will assist the Case Manager to determine how much time the parties need to conduct discovery during the certification and/or merits portion of the case.

5.  Counsel shall also be prepared to discuss with the Case Manager at the Zoom Conference all of the issues listed in Paragraph 4 above.

6.  Plaintiffs' counsel shall serve a copy of this Order upon all unrepresented parties and any attorney entering an appearance subsequent to the date of issuance of this Order.

*BY THE COURT:*

*PAULA PATRICK, J.*
*TEAM LEADER*
*CLASS ACTION PROGRAM*

RCP78711/RCP78711N (Rev 7/15/21)

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**Jack Duignan**
*Chief Deputy*

*Filed and Attested by the
Office of Judicial Records
02 DEC 2022 11:53 am* Olweiler
*Asst. Chief Real Estate Deputy*
*E. MERCEDES*

| WILLIAM BERMUDEZ, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED vs. HOME DEPOT, INC. | **Case Number** 2022-T-2790 |
|---|---|

## SHERIFF'S RETURN OF SERVICE

11/17/2022   CASE # 221100617

11/17/2022   Advance Fee

11/28/2022   11:52 AM - CORPORAL JOSHUA M. LONG, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, HOME DEPOT, INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

JOSHUA M. LONG, CORPORAL

SHERIFF COST: $41.25

SO ANSWERS,

November 29, 2022

NICHOLAS CHIMIENTI, JR., SHERIFF

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 11/17/2022 | Advance Fee | Advance Fee | 164958 | $0.00 | $41.25 |
| 11/29/2022 | County Fee | | | $41.25 | $0.00 |
| | | | | $41.25 | $41.25 |
| | | BALANCE: | | $0.00 | |

### NOTARY

Affirmed and subscribed to before me this

29TH   day of   NOVEMBER   , 2022

Megan Tritt

| Commonwealth of Pennsylvania — Notary Seal |
|---|
| Megan Tritt, Notary Public |
| Dauphin County |
| My Commission Expires September 29, 2025 |
| Commission Number 1407107 |

Case ID: 221100617

**MORGAN, LEWIS & BOCKIUS LLP**
By:    Caroline R. Robb
        caroline.robb@morganlewis.com
        Identification No. 326176
1701 Market Street
Philadelphia, PA 19103
(215) 963-5892 (Telephone)
(215) 963-5001 (Fax)



*Counsel for Defendant*

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BERMUDEZ, on behalf of himself and others similarly situated, | : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiff, | : : | |
| v. | : | CLASS ACTION |
| | : | |
| HOME DEPOT, INC., | : | Case No. 221100617 |
| Defendant. | : : | |

### <u>ENTRY OF APPEARANCE</u>

TO THE PROTHONOTARY:

      Kindly enter my appearance on behalf of Defendant Home Depot U.S.A., Inc. (improperly

pled as "Home Depot, Inc.") in the above-captioned matter.

Dated:  December 20, 2022           **MORGAN, LEWIS & BOCKIUS LLP**

                                   BY:    */s/ Caroline R. Robb*
                                        Caroline R. Robb

## <u>CERTIFICATE OF SERVICE</u>

I, Caroline R. Robb, hereby certify that a true and correct copy of the foregoing Entry of

Appearance was served via email and US Mail this 20th day of December 2022 upon:


Ryan Allen Hancock
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Sarah R. Schalman-Bergen
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973

Sally J. Abrahamson
Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
(202) 830-2016

*Counsel for Plaintiff*


/s/ Caroline R. Robb
Caroline R. Robb

**IN THE COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

Filed and Attested by the
Office of Judicial Records
20 DEC 2022 03:44 pm
E. HAURIN

|  |  |  |
|---|---|---|
| WILLIAM BERMUDEZ, | : | |
| on behalf of himself and others similarly situated, | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| v. | : | CLASS ACTION |
| | : | |
| HOME DEPOT, INC., | : | Case No. 221100617 |
| Defendant. | : | |
| | : | |

**<u>STIPULATION FOR EXTENSION OF DEADLINE TO RESPOND TO COMPLAINT</u>**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff William

Bermudez ("Plaintiff") and Defendant Home Depot U.S.A., Inc. (improperly pled as "Home Depot,

Inc." and hereafter referred to as "Defendant"), as follows:

1.      On November 4, 2022, Plaintiff filed a Complaint against Defendant in the

above-captioned matter.

2.      Plaintiff served Defendant with a copy of the Complaint on November 28,

2022.

3.      The parties have agreed and stipulated, pursuant to Pennsylvania Rule of Civil

Procedure 1003, that Defendant shall have until January 13, 2023 to answer, plead, or otherwise

respond to Plaintiff's Complaint.

4.      By submitting this Stipulation, Defendant expressly retains and does not waive any

and all defenses to this action.

Dated:  December 20, 2022

| | |
|---|---|
| */s/ Ryan Allen Hancock* | */s/ Caroline R. Robb* |
| Ryan Allen Hancock | Michael J. Puma |
| Willig, Williams, & Davidson | Caroline R. Robb |
| 1845 Walnut St., 24th Floor | MORGAN, LEWIS & BOCKIUS LLP |
| Philadelphia, PA 19103 | 1701 Market Street |
| Rhancock@wwdlaw.com | Philadelphia, PA 19103-2921 |
| | michael.puma@morganlewis.com |
| *Counsel for Plaintiff* | caroline.robb@morganlewis.com |
| | |
| | *Counsel for Defendant* |

Case ID: 221100617
Control No.: 22124132

**IN THE COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

WILLIAM BERMUDEZ,                           :
on behalf of himself and others similarly situated,   :   PHILADELPHIA COUNTY
                                            :   COURT OF COMMON PLEAS
                           Plaintiff,       :
                v.                          :   CLASS ACTION
                                            :
HOME DEPOT, INC.,                           :   Case No. 221100617
                           Defendant.       :
                                            :

<u>**ORDER**</u>

AND NOW on this_____day of_____ 2022, it is hereby ORDERED that the

Stipulation for Extension of Deadline to Respond to Complaint is GRANTED, and Defendant

shall have until January 13, 2023 to answer, plead, or otherwise respond to Plaintiff's Complaint.

_____
J.

Case ID: 221100617
Control No.: 22124132

## <u>CERTIFICATE OF SERVICE</u>

I, Caroline R. Robb, hereby certify that a true and correct copy of the foregoing Stipulation

for Extension of Deadline to Respond to Complaint was served via email and US Mail this 20th

day of December 2022 upon:

Ryan Allen Hancock
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Sarah R. Schalman-Bergen
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973

Sally J. Abrahamson
Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
(202) 830-2016

*Counsel for Plaintiff*

*/s/ Caroline R. Robb*
Caroline R. Robb

**RECEIVED**

DEC 2 8 2022

**ROOM 521**

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| WILLIAM BERMUDEZ,<br>on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, INC.,<br>Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CLASS ACTION<br><br>Case No. 221100617 |

## ORDER

AND NOW on this ___28___ day of _december_ 2022, it is hereby ORDERED that the

Stipulation for Extension of Deadline to Respond to Complaint is GRANTED, and Defendant

shall have until January 13, 2023 to answer, plead, or otherwise respond to Plaintiff's Complaint.

J. _____

**DOCKETED**

DEC 2 8 2022

R. POSTELL
COMMERCE PROGRAM

221100617-Bermudez Vs Home Depot, Inc.

22110061700015

Case ID: 221100617
Control No.: 22124132

**IN THE COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

Filed and Attested by the
Office of Judicial Records
20 DEC 2022 03:44 pm
E. HAURIN

WILLIAM BERMUDEZ,
on behalf of himself and others similarly situated,

                    Plaintiff,

        v.

HOME DEPOT, INC.,

                Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CLASS ACTION

Case No. 221100617

## STIPULATION FOR EXTENSION OF DEADLINE TO RESPOND TO COMPLAINT

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff William Bermudez ("Plaintiff") and Defendant Home Depot U.S.A., Inc. (improperly pled as "Home Depot, Inc." and hereafter referred to as "Defendant"), as follows:

1.      On November 4, 2022, Plaintiff filed a Complaint against Defendant in the above-captioned matter.

2.      Plaintiff served Defendant with a copy of the Complaint on November 28, 2022.

3.      The parties have agreed and stipulated, pursuant to Pennsylvania Rule of Civil Procedure 1003, that Defendant shall have until January 13, 2023 to answer, plead, or otherwise respond to Plaintiff's Complaint.

4.      By submitting this Stipulation, Defendant expressly retains and does not waive any and all defenses to this action.

Case ID: 221100617
Control No.: 22124132

Dated:  December 20, 2022

_/s/ Ryan Allen Hancock_____          _/s/ Caroline R. Robb_____
Ryan Allen Hancock                       Caroline R. Robb
Willig, Williams, & Davidson             MORGAN, LEWIS & BOCKIUS LLP
1845 Walnut St., 24th Floor              1701 Market Street
Philadelphia, PA 19103                   Philadelphia, PA 19103-2921
Rhancock@wwdlaw.com                      michael.puma@morganlewis.com
                                         caroline.robb@morganlewis.com
_Counsel for Plaintiff_

                                         _Counsel for Defendant_